11th Court of Appeals
Eastland, Texas
Opinion
 
Daniel Glenn Parker
            Appellant
Vs.                  No. 11-03-00388-CR -- Appeal from Eastland County
State of Texas 
            Appellee
 
            Daniel Glenn Parker pleaded guilty to the offense of possession or transport of certain
chemicals with the intent to manufacture a controlled substance in Penalty Group 1, a second degree
felony. Appellant also pleaded true to the State’s enhancement allegations, and the trial court
assessed punishment at 25 years confinement and a fine of $5,000. We affirm.
            On the night of April 5, 2003, a Cisco police officer, Ronnie Allman, responded to a request
from Eastland County Deputy Sheriff Lanny Boone to check out a stranded pickup that was not
completely off the road. Obstructing traffic, the pickup presented a danger to passing motorists. 
Once Officer Allman arrived at the scene, he detected a strong smell of ether which, in his
experience, was commonly associated with the manufacture of methamphetamine. Officer Allman
looked inside the pickup, saw appellant in the pickup, and saw he was either asleep or unconscious. 
Officer Allman woke appellant up and asked him to get out of the pickup. Officer Allman contacted
Deputy Boone, who arrived shortly thereafter. Chief Deputy Sheriff Ron VanderRoest arrived with
Deputy Boone. Appellant gave Deputy VanderRoest permission to search his pickup. When the
officers searched the pickup, they found ether and a propane tank that contained anhydrous ammonia. 
            Appellant’s sole issue on appeal is that the trial court abused its discretion when it denied his
motion to suppress evidence. Appellant makes three separate arguments under this issue. First,
appellant asserts that he initially was detained illegally by law enforcement authorities. Next,
appellant maintains that he did not freely and voluntarily consent to the search of his pickup. Finally,
appellant asserts that the authorities did not have probable cause to arrest him. Appellant does not
challenge the sufficiency of the evidence supporting his conviction. 
            Before we address each of these arguments, we note that a trial court’s denial of a motion to
suppress is reviewed for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App.1999).
In reviewing a trial court’s ruling on a motion to suppress, appellate courts must give great deference
to the trial court’s findings of historical fact as long as the record supports the findings. Guzman v.
State, 955 S.W.2d 85, 89 (Tex.Cr.App.1997). We must afford the same amount of deference to the
trial court’s rulings on “mixed questions of law and fact,” such as the issue of probable cause, if the
resolution of those ultimate questions turns on an evaluation of credibility and demeanor. Guzman
v. State, supra. Appellate courts, however, review de novo “mixed questions of law and fact” not
falling within the previous category. Guzman v. State, supra. When faced with a mixed question of
law and fact, the critical question under Guzman is whether the ruling “turns” on an evaluation of
credibility and demeanor. Loserth v. State, 963 S.W.2d 770, 772 (Tex.Cr.App.1998). A question
“turns” on an evaluation of credibility and demeanor when the testimony of one or more witnesses,
if believed, is always enough to add up to what is needed to decide the substantive issue. Loserth v.
State, supra at 773. We must view the record in the light most favorable to the trial court’s ruling
and sustain the trial court’s ruling if it is reasonably correct on any theory of law applicable to the
case. Guzman v. State, supra.
            Appellant first asserts that he was not “legally detained by law enforcement personnel in the
first place.” We disagree. Generally, a peace officer need not have probable cause to detain a person
for investigation, but he must have a reasonable suspicion of criminal activity. Terry v. Ohio, 392
U.S. 1, 21 (1968); Woods v. State, 956 S.W.2d 33, 35 (Tex.Cr.App.1997). We must examine the
reasonableness of a temporary detention in light of the totality of the circumstances. Woods v. State,
supra at 38. An officer must have “specific articulable facts which, in light of his experience and
personal knowledge, together with other inferences from those facts” would justify the detention. 
Johnson v. State, 658 S.W.2d 623, 626 (Tex.Cr.App.1983). These facts and experiences must create
a reasonable suspicion in the officer’s mind that some unusual activity is occurring or has occurred,
that the detained person is connected with the activity, and that the unusual activity is related to the
commission of a crime. See Davis v. State, 947 S.W.2d 240, 244 (Tex.Cr.App.1997). In
determining whether the officer’s suspicion was reasonable, we employ an objective standard:
whether the facts available to the officer at the moment of detention warrant a person of reasonable
caution to believe that the action taken was appropriate. Terry v. Ohio, supra at 21-22; Davis v.
State, supra at 243.
            Here, Officer Allman had been dispatched to investigate the circumstances surrounding a
stranded pickup, observed the pickup obstructing a county road, and found appellant either asleep
or unconscious in the pickup. Officer Allman smelled a strong odor of ether which, in his
experience, was associated with the manufacture of methamphetamine. Upon his arrival, Deputy
Boone smelled the same strong odor. Based on their personal knowledge and experience, these facts
were suspicious and unusual enough to give the officers reasonable suspicion of criminal activity 
and to warrant an investigative detention. Appellant was legally detained. 
            Appellant next asserts that he could not have freely and voluntarily consented to the search
of his pickup because he was “dazed, disoriented, and confused.” We disagree. A person may waive
his right to be free from a warrantless search by intelligently, knowingly, and voluntarily consenting
to the search. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). The State, however, must prove by
clear and convincing evidence that consent was freely and voluntarily given. Johnson v. State, 803
S.W.2d 272, 286-87 (Tex.Cr.App.1990), cert. den’d, 501 U.S. 1259 (1991). Whether consent to
search was voluntary is a question of fact to be determined from the totality of the circumstances. 
Brem v. State, 571 S.W.2d 314, 319 (Tex.Cr.App.1978). The question is whether, under the totality
of the circumstances, the consent was voluntary or was, rather, the product of express or implied
coercion. See Schneckloth v. Bustamonte, supra at 225-29. Consent is voluntary unless the
accused’s will was “overborne” by police tactics. See Schneckloth v. Bustamonte, supra at 225-27. 
            The totality of the circumstances reflects that appellant gave his consent freely and
voluntarily. Although the record suggests that appellant was recently awakened when he gave
consent, it also shows that there was no coercion and that he was aware of what was going on. 
Before appellant was asked for consent to search the pickup, he was alert enough to ask Deputy
VanderRoest if he could get his shoes out of the front of his pickup; and, when he could not find
them there, he was able to find them on his own in the bed of his pickup and then put them on. 
Appellant also voluntarily signed a consent-to-search form. The record further reflects that Deputy
Boone did not observe Deputy VanderRoest threaten or coerce appellant in any way. Testimony by
the police that no coercion was involved in obtaining the consent is evidence of the voluntary nature
of appellant’s consent. Martinez v. State, 17 S.W.3d 677, 683 (Tex.Cr.App.2000). Finally, the
record reflects that, while the officers were speaking with appellant, he was alert, looked at them,
and was able to respond to them. 
            When hearing a motion to suppress, the trial court may believe or disbelieve any or all
testimony and evidence, and an appellate court will not disturb any finding that is supported by the
record. See Paulus v. State, 633 S.W.2d 827, 851 (Tex.Cr.App.1982). The trial court found the
testimony of the peace officers to be credible. Because we give almost total deference to the trial
court’s determination of historical facts based on an evaluation of credibility and demeanor, we find
that the record supports the trial court’s finding that appellant did freely and voluntarily give consent
to the search of his pickup.
            Finally, appellant asserts that the officers did not have probable cause to arrest him. Again,
we disagree. The test for probable cause for a warrantless arrest is: 
Whether at that moment the facts and circumstances within the officer’s knowledge
and of which [he] had reasonably trustworthy information were sufficient to warrant
a prudent man in believing the arrested person had committed or was committing an
offense. 
 
Guzman v. State, supra at 90 (citing Stull v. State, 772 S.W.2d 449, 451 (Tex.Cr.App.1989)). 
Appellant was found under facts and circumstances sufficient to give the officers probable cause to
believe he was guilty of the offense of possession or transport of certain chemicals with the intent
to manufacture a controlled substance. 
            TEX. HEALTH & SAFETY CODE ANN. § 481.124 (Vernon 2004 - 2005) provides in
relevant part:
            (a) A person commits an offense if, with intent to unlawfully manufacture
a controlled substance, the person possesses or transports:
 
            (1) anhydrous ammonia. 
 
            (b) For purposes of this section, an intent to unlawfully manufacture the
controlled substance methamphetamine is presumed if the actor possesses or
transports:
 
            (1) anhydrous ammonia in a container or receptacle that is not
designed and manufactured to lawfully hold or transport anhydrous
ammonia. 
 
When searching appellant’s pickup, officers discovered a propane tank that contained anhydrous
ammonia. In addition, they had already smelled a strong odor of ether which, in their experience,
was associated with the manufacture of methamphetamine. The officers had probable cause to
arrest appellant.
            The trial court did not abuse its discretion in denying appellant’s motion to suppress. 
Appellant’s sole issue is overruled.
            The judgment of the trial court is affirmed. 
 
                                                                                    JIM R. WRIGHT
                                                                                    JUSTICE
 
October 21, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J. and McCall, J.